# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**TAMMY L. JONES,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0719** (BOR Appeal No. 2053952)
(Claim No. 2018014586)

**PRINCETON COMMUNITY HOSPITAL ASSOCIATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tammy L. Jones, by Counsel Gregory S. Prudich, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Princeton Community Hospital Association, by Counsel Jillian L. Moore, filed a timely response.

The issue on appeal is compensability of the claim for carpal tunnel syndrome. On January 16, 2018, the claims administrator rejected the claim. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's Order on February 15, 2019. This appeal arises from the Board of Review's Order dated July 19, 2019, in which the Board of Review affirmed the decision of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Jones, a clerk/secretary, alleges that she developed bilateral carpal tunnel syndrome as a result of her occupational duties. On February 2, 2017, an EMG/NCS conducted by Richard Weiss, M.D., revealed very mild carpal tunnel syndrome bilaterally. A report from Todd A. Smith, D.O., dated April 6, 2017, indicated that Ms. Jones presented for evaluation with complaints of pain and numbness in the bilateral hands. She reported difficulty gripping and significant weakness over the past month. Ms. Jones claimed that her condition had worsened over the past year. The examination revealed normal sensory and muscle strength, along with normal reflexes. The assessment was cubital tunnel syndrome, bilateral; severe carpal tunnel syndrome, with a strong

1

likelihood of being work-related; hypertension; vitamin D deficiency; lumbar radiculopathy, chronic; depression; and weight gain.

Medical records of Robert P. Kropac, M.D., dated December 7, 2017, through February 28, 2018, document Ms. Jones's employment and medical history. She first presented to Dr. Kropac with tingling and numbness in her hands. Examinations revealed intact two-point discrimination; Tinel's positive on the right but not on the left; Phalen's bilaterally positive; and intact sensation. The diagnosis was carpal tunnel syndrome. Notes dated December 7, 2017, reported that Ms. Jones's employment consists of continuous typing and scanning throughout the day, along with continuous repetitive motion using both upper extremities throughout the day. Prior to her current employment, Ms. Jones worked as a secretary for approximately eight to ten years at a physician's office, which required continuous typing. An MRI performed on February 2, 2017, revealed very mild carpal tunnel syndrome bilaterally. There was no evidence of cubital tunnel in either arm.

Ms. Jones completed a Carpal Tunnel Syndrome Questionnaire on December 27, 2017, reporting pain, tingling, and numbness in both hands. She reported that her occupational duties required continuous use of a computer, scanner, a credit card machine, and telephone. She also discussed opening and closing a heavy window. Dr. Kropac completed a Carpal Tunnel Syndrome Questionnaire on January 5, 2018. In the Questionnaire, he referenced his December 7, 2017, report.

A Physician Review report of Rebecca Thaxton, M.D., dated January 15, 2018, addressed the issue of whether the evidence supports a work-related claim for carpal tunnel syndrome. Dr. Thaxton opined that the evidence does not support a work-related carpal tunnel syndrome claim. Her opinion was based upon West Virginia Code of State Rules § 85-20-41.5, which states, "studies have failed to show a relationship between normal clerical activities and carpal tunnel syndrome."

By Order dated January 16, 2018, the claims administrator rejected the claim for carpal tunnel syndrome as the disability complained of was not due to an injury or disease received in the course of and resulting from employment. The Order further stated that the claim was denied as work-related. Per West Virginia Code of State Rules § 85-20-41.5, studies have failed to show a relationship between normal clerical activities and carpal tunnel syndrome. Ms. Jones protested the claims administrator's decision.

Ms. Jones alleges that she developed bilateral carpal tunnel syndrome due to her work-related activities. In support of her protest, Ms. Jones submitted her testimony from a deposition dated May 30, 2018. She testified that her occupational duties were mostly clerical in nature, and she primarily attributed her symptoms to opening and closing a window at her reception desk. She first noticed carpal tunnel syndrome symptoms about January of 2017. She reported pain and numbness of the hands which worsens as the workday goes on and that when she is off work for the weekend the symptoms seem to improve. She testified that she is not a diabetic. She reported that she must flex or extended her wrists in order to type because her desk is a little too high. She

visits a few dozen patients each day, and her work consists of typing, scanning, writing, copying, shredding, and filing stacks of paper.

A nerve conduction study/EMG was performed by Rana Tahir, M.D., on October 23, 2018. Testing was normal. There was no neurophysiologic evidence of median or ulnar neuropathy or cervical radiculopathy and plexopathy, bilaterally. Sensory and motor nerve conduction studies of the upper extremities were within normal limits.

Ms. Jones was evaluated by Marsha Lee Bailey, M.D., who issued a report on November 6, 2018. Ms. Jones presented with numbness in both hands, including all ten fingers, that extended to both forearms. Dr. Bailey reviewed the Carpal Tunnel Syndrome Questionnaire and the Carpal Tunnel Syndrome Physician Questionnaire, a well as Mr. Jones's testimony. Dr. Bailey's physical examination revealed intact pinprick and negative Tinel's sign on the right wrist and mildly positive on the left wrist. There was a negative Phalen's sign on both wrists. Regarding the EMG/NCS, Dr. Bailey stated that she was uncertain how carpal tunnel syndrome was diagnosed because the motor distal latencies of the median nerve derived from the study were within normal limits. Dr. Bailey opined that Ms. Jones has a history of chronic bilateral hand and wrist pain as well as paresthesias. She discussed the potential risk factors for carpal tunnel syndrome, including diabetes, obesity, and hypothyroidism. It was noted that Ms. Jones had been obese for many years. Dr. Bailey discussed that vitamin deficiencies can cause paresthesias, and Ms. Jones has a documented history of vitamin D and B12 deficiencies. Dr. Bailey opined that Ms. Jones does not have bilateral carpal tunnel syndrome. She also opined that the etiology of her symptoms was unknown.

The Office of Judges issued its decision on February 15, 2019, affirming the January 16, 2018, rejection of the claim by the claims administrator. The Office of Judges found Dr. Smith's diagnosis unreliable based on the fact that he documented no objective evidence of carpal tunnel syndrome. The Office of Judges also found inconsistencies between the findings of Dr. Kropac and Dr. Bailey. It was noted that Dr. Bailey considered the diagnostic accuracy of the 2017 EMG/NCS, and a 2018 study failed to confirm carpal tunnel syndrome. Ultimately, given the inconsistencies in the medical records and Dr. Bailey's explanation of the evidence, the Office of Judges concluded that Ms. Jones failed to establish a diagnosis of carpal tunnel syndrome or that it was occupational in nature. The Board of Review issued an Order dated July 19, 2019, adopting the findings of fact and conclusions of law and affirmed the rejection of the claim.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. In affirming the decision of the Office of Judges, the Board of Review referenced West Virginia Code of State Rules § 85-20-41.5, which provides "Studies have failed to show a relationship between normal clerical activities and carpal tunnel syndrome. When evaluating carpal tunnel syndrome in this work setting, a careful search for other contributing factors is essential." An EMG/NCS performed on October 23, 2018, revealed a normal study with no neurophysiological evidence of median neuropathy. The sensory and motor nerve studies of the upper extremities were within normal limits. Dr. Bailey opined that the etiology of her symptoms was unknown. The Office of Judges concluded that Ms. Jones has not established by a

preponderance of the evidence that she sustained a personal injury in the course of and resulting from her employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman

4